All right, our fifth case for this morning is United States v. Marmion. Ms. Christensen. Good morning, your honors. May it please the court, counsel. My name is Joanna Christensen and I represent the appellant, Chad Marmion. The issue here is whether the district court procedurally erred by failing to consider the applicable guidelines range. The guidelines range for this revocation was 14 months and the court started at the statutory maximum of five years. I will also mention the standard of review issue because that's been argued by the parties. Under United States v. Snyder, which is a 2011 case, this court held that review of sentencing procedures at revocation was de novo. We recognize that in Jones v. Patrick, that standard was reduced to plainly unreasonable for procedural issues. And there is a discrepancy between these cases that can't quite be analyzed away and is pretty clear, but we would say that de novo is the correct standard for procedural review, even at revocation proceedings. Prior to Booker, plainly unreasonable was the standard and was kept by Kysart after Booker. Kysart made no change to the procedural review of these sentencing hearings, and it should be de novo as the standard in general for this court's review of procedural sentencing. Although the procedures are a little different at revocation than they are at the original sentence. My big issue with your argument is that the district judge does state, for the record, the policy statement range for this particular revocation, and the district court alludes to the commentary and then, as you say, does, I think, turn to what are the statutory constraints and chooses a sentence that complies with those restraints. It actually gives them something of a break for a couple of years. So I have trouble seeing why that fits in the model of ignoring the policy statements in Chapter 7. And certainly not ignoring. The government says the district court, and correctly, recited the guideline range, which was at the beginning of the hearing. And when we're looking at what the analysis is in most sentencing hearings, as in this one, the analysis about the sentence comes at the end, after the court's made a revocation decision. So suppose she had said, after she says, here's the advice, I'm going to call it the policy statement range, she said, I don't think that's a good fit for Mr. Marmion, so I'm going to start with the statutory range. That would be it, wouldn't it? She's allowed to do that? I think she is allowed to do that. Part of the issue here is why she starts at the statutory range. And it's not necessarily because of his conduct on revocation. But as she says, she can't divorce herself from the original sentencing procedure and reasons for imposing a sentence, noting that he did get a substantial break for participation in the PATI program. However, she says, I can't divorce myself. That needed to be addressed at your original sentencing hearing. It's almost as if she is redoing the original sentencing hearing, because after three and a half years of sobriety, he, as many addicts do, relapsed. And that's not necessarily the correct place to start in a situation like this, where he's got one dirty drop, essentially, and admits to using several other times. But, you know, she says then, you know, she's clearly troubled by this. You know, she says, in some ways it feels like I'm sentencing you for being an addict, you know, and I don't want to do that. But on the other hand, I have these responsibilities to the public. I have the other responsibilities under the sentencing structure. So that's how she comes up with this 35 months, which I guess is a month less than what the government was asking for. I'm not sure why it was 35 and not 36, but whatever. Yeah, I can't answer that question either. I think she, I mean, I thought I saw in the record an acknowledgement by her of the kind of complexities you're talking about. I think so, but I think if we look at her statements, and I'm specifically referencing 13, 14, pages 13, 14, and 17 of the transcript, that she's concerned about the disparity with his co-defendants from his original case, that she wants to promote respect for the law, both for the original conduct and this conduct. There has to be a balancing at some point. When she's talking about disparity, disparity is the case we're doing now, the revocation case. And when this court has talked about disparity in A6, 3553A6, it's between districts and judges, not defendants in the same case. And this is not that case anymore. Those defendants have gone on. I think she says they're still in prison and he's not. They were also very differently situated than he was. They did not qualify for PATI or, I'm unsure, did not take advantage of PATI. Then she says she truly believes a sentence of five years would not be too severe, saying you were looking at ten, but I can't give you ten. I think what this is is a redo of the original sentencing hearing because he got a significant break because he was an addict, but an addict who went through treatment and was compliant for three and a half years, nearly four years prior to relapsing. But then she also says, look, it just apparently doesn't work for you out there. I mean, she doesn't give him any more supervised release after his 35 months. She's just going to put him away. Do you seriously think she would have given him 35 months at the original sentencing had it not been for all of this? No. She was not the original sentencing judge either. No, no, I know. I know she wasn't, but I'm just saying this isn't the context of revocation. No. No, it's not. And it's a contested sentencing, and I think when you're talking about supervised release, he has shown that he does well on supervised release when he has more structure. It was when he lost the structure through a little loosening of the conditions, he fell off the rails, as it were. And we believe that that analysis does have to incorporate when the analysis is being made, not just starting at the statutory maximum, but also considering how far above the guideline range or the policy statements the sentence is. Unless the court has further questions, I'll save the remainder of my time. All right. That's fine. Mr. Walters. Good morning, Your Honors. Greg Walters on behalf of the United States, and may it please the court. The issue is whether, as Judge Wood, you noted, whether the court took into consideration the policy statement range. That's the issue that they raised. And this court has said that the district judge must say something to allow the reviewing court to infer that she has considered the relevant policy statement range and the 3553A factors as made relevant by 3583E. By explicitly stating the range on the record, by referring to Note 4 of 7B1.4, by considering a sentence as low as 174 days, as high as five years, and also referring to, quote, the policy statement provisions, this court cannot come to a conclusion other than she did consider the policy statements and said something on the record to allow this court to make that conclusion. That is the issue that they have raised. I think part of Ms. Christensen's very able argument gets into the reasonableness of the sentence, and certainly judges might disagree whether 35 months is appropriate or not, but we're under a completely different standard of review for certain if we're looking at the reasonableness, and that's plainly unreasonable, and this sentence is not plainly unreasonable. What she never quite says is, she doesn't complete the thought. She doesn't say, I think that even 14 months, which is the high end of the policy statement, given his record taken as a whole, is just not going to do it, that I need to use all of the discretion I'm given under the statute all the way out to five years, although I'm going to cut it back the two for his successful two years. That strikes me that's what she's doing, but she doesn't quite say that. No, but she doesn't exactly say that, but I think also by stating the extreme, that I feel justified to impose five years, but I'm not going to do that, that she's made it very clear that 14 months is not going to be sufficient. So, again, looking at the issue that they have raised, which is whether she considered the policy statement range, did she say something to permit this court to reach that conclusion? I think we have an abundance in this case and affirmance is appropriate, regardless of the standard of review that this court applies. I don't think you need to ultimately get to that issue to bring clarification to circuit law on that point in this particular case. And if there are no questions, then we would ask this court to affirm based on the arguments in our brief. I see no questions, so thank you very much, Mr. Walters. Anything further, Ms. Christensen? Thank you, Your Honor. I will acknowledge counsel cites a case law that says this court says you just have to say something to show the court considered the range. But this court has also said, most recently in Jones, that a further departure from that range requires further explanation. And our argument is that that further explanation must say why 14 months, or even eight months is what defense counsel asked for, is not sufficient and she needed to go up to 35 months, starting from five years. So, yes, the court has said she can say something, but in this case it needed to be more than just something. Thank you. All right. Thank you very much. Thanks to both counsel. Take the case under advice.